FILED

2009 JAN 14  PM 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. F  CALIF.
LOS ANGELES

BY _____

1  BRIAN S. KABATECK,  SBN 152054
   (bsk@kbklawyers.com)
2  RICHARD L. KELLNER,  SBN 171416
   (rlk@kbklawyers.com)
3  ALFREDO TORRIJOS,  SBN 222458
   (at@kbklawyers.com)
4  MICHAEL V. STORTI,  SBN 260215
   (ms@kbklawyers.com)
5  KABATECK BROWN KELLNER LLP
   644 South Figueroa Street
6  Los Angeles, CA 90017
   Telephone: (213) 217-5000
7  Facsimile: (213) 217-5010

8  GREGORY E. KELLER (To be Admitted *Pro Hac Vice*)
   (gkeller@chitwoodlaw.com)
9  DARREN T. KAPLAN (To be Admitted *Pro Hac Vice*)
   (dkaplan@chitwoodlaw.com)
10 CHITWOOD HARLEY HARNES LLP
   2300 Promenade II
11 1230 Peachtree Street, N.E.
   Atlanta, Georgia 30309
12 Telephone:  (404) 873-3900
   Facsimile:  (404) 876-4476
13
14 Attorneys for Plaintiffs and the proposed class
   *Additional Counsel Listed on Signature Page*

15

16                    **UNITED STATES DISTRICT COURT**

17                    **CENTRAL DISTRICT OF CALIFORNIA**

18

19 JAMES YOUNG, on Behalf of himself and     Case No.
   All Others Similarly Situated,

20            Plaintiff,                      CV09-00315FMC

21            vs.                            **CLASS ACTION COMPLAINT**

22 HEWLETT-PACKARD COMPANY, a                **JURY TRIAL DEMANDED**
   Delaware Corporation; and DOES 1 through
23 10, inclusive;

24            Defendants.

25

26

27        Plaintiff James Young ("Plaintiff"), individually and on behalf of the Class described

28 below, by his attorneys, makes the following allegations based upon information and belief,

                                    – 1 –
                         CLASS ACTION COMPLAINT
793626.1

1    except as to allegations specifically pertaining to Plaintiff and his counsel, which are based on

2    personal knowledge.  Plaintiff brings this action for damages and injunctive relief against

3    Defendant, demanding a trial by jury.

4                                    **NATURE OF THE ACTION**

5         1.       Plaintiff brings this class action against Defendant Hewlett-Packard Company

6    ("HP") to recover damages and other relief available at law and in equity on behalf of himself as

7    well as on behalf of the members of the following class:

8             *All persons or entities located within the United States who own or*
             *lease one or more of the following models of HP color laser*
9             *printers: LaserJet 4700, LaserJet 4730 MFP, LaserJet CM4730,*
             *LaserJet CP4005, LaserJet 2600n, LaserJet 1600, LaserJet 2605,*
10            *LaserJet CM1015 MFP, LaserJet CM1017 MFP, LaserJet 3000,*
             *LaserJet 2700, LaserJet 3600, LaserJet 3800 or LaserJet CP3505.*
11

12

13        2.       HP has designed its color laser printers to indicate that the HP toner cartridges

     used in the printer are "empty" and/or must be replaced when in fact a significant amount of
14
     toner remains in the purportedly empty toner cartridge.
15
          3.       This action arises from the fact that HP does not inform users that a significant
16
     amount of toner remains in the HP toner cartridges at the point that the HP color laser printer has
17
     indicated that the toner cartridge is "empty" and needs to be replaced.  As a result, users
18
     prematurely purchase replacement cartridges and are prevented from using the significant (and
19
     very expensive) toner that they purchased and which remains in the purportedly empty toner
20
     cartridge.
21
                                        **THE PARTIES**
22
          4.       Plaintiff James Young is a resident of Dauphin County, Pennsylvania and has
23
     previously purchased a color laser printer manufactured or sold by Hewlett-Packard Company.
24
     Plaintiff Young has also previously purchased replacement toner cartridges manufactured or sold
25
     by Hewlett Packard Company.
26
          5.       Plaintiff is informed and believes and thereon alleges that Defendant HP is a
27
     Delaware corporation doing business in the State of California.  HP's principal campus and
28

                                            – 2 –
                              CLASS ACTION COMPLAINT

1  corporate headquarters are located at 3000 Hanover Street, Palo Alto, CA 94304.

2      6.    Plaintiff does not know the true names or capacities of the persons or entities sued

3  herein as DOES 1 to 10, inclusive, and therefore sues such defendants by such fictitious names.

4  Plaintiff is informed and believes and thereon alleges that each of the DOE defendants is in some

5  manner legally responsible for the damages suffered by Plaintiff and the members of the class as

6  alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of

7  these defendants when they have been ascertained, along with appropriate charging allegations,

8  as may be necessary.

9                          **JURISDICTION AND VENUE**

10     7.    This Court has original jurisdiction over this class action pursuant to the Class

11  Action Fairness Act, 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are

12  100 or more members in the Plaintiff's proposed class; (2) at least some members of the

13  proposed class have a different citizenship from HP; and (3) the claims of the proposed class

14  members exceed $5,000,000 in the aggregate.

15     8.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §

16  1391(a), (c).  HP is a resident of this District because it is subject to personal jurisdiction in the

17  Central District of California.

18                          **FACTUAL BACKGROUND**

19     9.    In the context of personal computers, a "printer" is a computer peripheral which

20  reproduces data in paper form.  A "color" printer is a printer that can print in color as well as

21  black and white.

22     10.   Laser printers utilize a laser beam to produce an image on a drum by altering the

23  electrical charge on the drum wherever it hits, the drum is then rolled through a reservoir of

24  toner, which is picked up by the charged portions of the drum, and finally, the toner is transferred

25  to the paper through a combination of heat and pressure.

26     11.   Color laser printers print in color as well as black and white by utilizing one or

27  more color toner cartridges in addition to a black toner cartridge.

28

– 3 –

CLASS ACTION COMPLAINT

793626.1

12.     The toner used by laser printers is stored in, and dispensed from, one or more toner cartridges.  Typically, a toner cartridge dispenses toner until it is empty at which point the cartridge must be replaced.  Unlike the price of laser printers, the price for toner cartridges (which must be continually replaced) has remained relatively high.  As a result, printer companies (such as HP), derive more revenue – and profits – from the sale of replacement toner cartridges than from the sale of the printers that use those cartridges.

13.     HP and its affiliated companies manufacture and sell laser printers throughout the United States, and HP is the largest manufacturer of laser printers in the United States.

14.     HP color laser printers notify users when the toner cartridge is "empty" and needs to be replaced.  For example, a gauge on the HP LaserJet 2600n control panel representing a specific color will flash.  The user's guide that HP includes with its LaserJet 2600n informs users "if a supply is empty, the gauge will flash."  Furthermore, the HP LaserJet 2600n color laser printer will alert a user that a toner cartridge is empty by displaying on the control panel a message such as "Replace yellow cartridge." At this point, the printer ceases print operations.

15.     HP represents to users that the toner cartridge is actually "empty" when the supply gauge begins to flash.  In its user's guide for the LaserJet 2600n, HP advises users "the gauge will flash" when "a supply is empty."

16.     The above representations are false because a significant amount of toner remains in the toner cartridge (and could be used but for the fact that HP designs and causes the printers to shut down printing operations) at the point that HP has represented that the cartridge is "empty" and must be replaced.

17.     A reasonable consumer would believe that the statement "Replace yellow cartridge", the flashing supply gauge , which according to the user's guide means the "supply is empty", and the shutdown of print operations, all indicate that the yellow toner cartridge is "empty" and must be replaced.

18.     The user's guide for the LaserJet 2600n does outline instructions on how to "override" the shutdown mechanism.  These instructions, buried 94 pages into the user's guide, require users to navigate through four levels of menu options and execute a nine button

– 4 –

CLASS ACTION COMPLAINT

1   procedure on the printer's control panel display.  In order to discover these instructions, a

2   consumer would have to disbelieve the plain and unambiguous messages on the printer's control

3   panel.  The consumer must then search through more than 90 pages of the user's guide to

4   determine that all of HP's prior representations on the printer's control panel are false.  The page

5   in this user manual continues to assert that a "Replace supplies" message means "a cartridge has

6   been depleted," but goes on to instruct the user how to print more with this purportedly

7   "depleted" cartridge.

8          19.     Based on HP's statements, a reasonable consumer would have no reason to

9   suspect that a significant amount of toner remains in a toner cartridge at the point that HP has

10  represented that the cartridge must be replaced, or that such remaining toner could be used by

11  taking action to override the printer shut-down.  Indeed, a reasonable consumer would believe

12  the exact opposite as a result of the messages on the control panel and the termination of printer

13  function: that the toner cartridge is empty.

14         20.     HP color laser printers cease printing operations until the purportedly empty

15  cartridge has been replaced or the consumer has been able to divine the existence of the

16  "override" mechanism and successfully employ the mechanism.  The latter option, however, is

17  not realistically available since it would require consumers to disbelieve and disregard the plain

18  and unambiguous statement on the printer's control panel that the toner cartridge is "empty" and

19  needs to be replaced.  In the absence of consumers disbelieving the representations by HP they

20  would have no reason to search for a way to override the cessation of printing operations.

21         21.     Plaintiff Young is the purchaser and owner of an HP LaserJet 2600n laser printer.

22  The HP LaserJet 2600n is a "four color" laser printer.  The 2600n uses the Q6000A "Black Print

23  Cartridge", the Q6001A "Cyan Print Cartridge", the Q6002A "Yellow Print Cartridge", and the

24  Q6003A "Magenta Print Cartridge."  Plaintiff Young purchased his HP LaserJet 2600n laser

25  printer at a Staples store located in Dauphin County, Pennsylvania in the autumn of 2007.

26         22.     Since purchasing the HP LaserJet 2600n laser printer, Plaintiff Young has

27  purchased several HP brand replacement toner cartridges for his printer.  Plaintiff Young

28  purchased the HP brand replacement toner cartridges from a Staples store located in Dauphin

- 5 -

CLASS ACTION COMPLAINT

793626.1

1   County, Pennsylvania.

2       23.    Plaintiff Young is informed and believes and thereon alleges that all or a

3   substantial portion of the funds expended on products manufactured by HP and purchased at the

4   retail locations of Staples are ultimately returned back to HP through the chain of commerce.

5       24.    On more than one occasion, Plaintiff Young's LaserJet 2600n laser printer has

6   ceased all printing operations, indicating on the printer's control panel that a toner cartridge

7   needed to be "replaced." On each of these occasions, Plaintiff Young – relying on the

8   representations made by HP – proceeded to purchase a new HP brand replacement toner

9   cartridge and replaced the purportedly empty toner cartridge with the new HP brand replacement

10   toner cartridge.

11       25.    Despite the fact that a significant amount of toner remained in each of the

12   purportedly "empty" toner cartridges, Plaintiff Young reasonably believed upon seeing the

13   replace toner cartridge message that the indicated toner cartridge was empty and that he would

14   not be able to use any print functions until he replaced the purportedly "empty" cartridge.

15       26.    Plaintiff did not know that: (a) HP color laser printers shut down all printing

16   operations and indicate that a toner cartridge must be replaced when in fact a significant amount

17   of useable toner remains in the toner cartridge; (b) the statements made by HP indicating that the

18   toner cartridge is "empty" are false; and (c) he would be prevented from using the significant

19   amount of toner that they purchased and that remained in the purportedly "empty" toner cartridge

20   unless they activated an override function that he had no reason to believe existed.

21   **CLASS ACTION ALLEGATIONS**

22       27.    Description of the Class: Plaintiff brings this nationwide class action on behalf of

23   himself and a Class defined as follows:

24   *All persons or entities located within the United States who own or*
25   *lease one or more of the following models of HP color laser*
    *printers: LaserJet 4700, LaserJet 4730 MFP, LaserJet CM4730,*
26   *LaserJet CP4005, LaserJet 2600n, LaserJet 1600, LaserJet 2605,*
    *LaserJet CM1015 MFP, LaserJet CM1017 MFP, LaserJet 3000,*
27   *LaserJet 2700, LaserJet 3600, LaserJet 3800, LaserJet CP3505.*

28

CLASS ACTION COMPLAINT

793626.1

28.     Excluded from the Class are governmental entities, HP, any entity in which HP has a controlling interest, and HP's officers, directors, affiliates, legal representatives, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class are any individuals or entities whose HP color laser printers are leased to others.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

29.     Plaintiff reserves the right to modify the Class description and the Class period based on the results of discovery.

30.     Plaintiff and the Class bring this action for equitable, injunctive and declaratory relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of rule 23 of the Federal Rules of Civil Procedure.

31.     <u>Numerosity</u>:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  The total number of Class members is at least in the hundreds of thousands and members of the class are geographically dispersed across the United States.  Joinder of the individual class members would, therefore, be impracticable.

32.     <u>Common Questions of Law and Fact Predominate</u>:  There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

a.     Whether a significant amount of toner remains in HP brand toner cartridges at the point that HP has represented that the toner cartridge must be replaced;

b.     Whether HP has failed to disclose to users the material fact that HP color laser printers cease printing operations and indicate that a toner cartridge is must be replaced even though a significant amount of toner remains in the toner cartridge;

c.     Whether or not Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

d.     Whether HP engaged in unfair, unlawful and/or fraudulent business

– 7 –

CLASS ACTION COMPLAINT

1    practices;

2         e.      Whether HP was unjustly enriched at the expense of Plaintiff and the

3    Class;

4         f.      Whether HP's conduct constitutes trespass to chattel; and

5         g.      Whether HP's conduct constitutes conversion.

6    33.    Typicality:   Plaintiff's claims are typical of the claims of the members of the

7    class.  Plaintiff and all members of the class have been similarly affected by HP's common

8    course of conduct.

9    34.    Adequacy of Representation:   Plaintiff will fairly and adequately represent and

10   protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in

11   prosecuting complex and class action litigation.  Plaintiff and his counsel are committed to

12   vigorously prosecuting this action on behalf of the Class, and have the financial resources to do

13   so.  Neither Plaintiff nor his counsel has any interests adverse to those of the Class.

14   35.    Superiority of a Class Action:   Plaintiff and the members of the Class suffered,

15   and will continue to suffer, harm as a result of HP's unlawful and wrongful conduct.  A class

16   action is superior to other available methods for the fair and efficient adjudication of the present

17   controversy because  individual joinder of all members of the class is impractical.

18   36.    Even if individual class members had the resources to pursue individual litigation,

19   it would be unduly burdensome to the courts in which the individual litigation would proceed.

20   Individual litigation would cause delay and expense to all parties affected by HP's common

21   course of conduct. The class action device allows a single court to provide the benefits of unitary

22   adjudication, judicial economy and the fair and equitable handling of all class members' claims

23   in a single forum.  The conduct of this action as a class action will conserve the resources of the

24   parties and of the judicial system, and protects the rights of the class members.  For many, if not

25   most, class members, a class action is the only feasible mechanism that allows therein an

26   opportunity for legal redress and justice.

27   37.    Adjudication of individual class members' claims with respect to HP would, as a

28   practical matter, be dispositive of the interests of other members not parties to the adjudication,

– 8 –

CLASS ACTION COMPLAINT

793626.1

1   and could substantially impair or impede the ability of other class members to protect their

2   interests.

### FIRST CAUSE OF ACTION
### UNJUST ENRICHMENT

3

4        38.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

5   extent necessary, pleads this cause of action in the alternative.

6        39.     Through the actions described above, HP has received money belonging to

7   Plaintiff and the Class through the sale of replacement toner cartridges resulting from its

8   customers' reasonable belief that their toner cartridges had to be replaced.

9        40.     HP has reaped substantial profits through the sale of replacement toner cartridges.

10  HP has benefited from the receipt of such money that it would not have received but for its

11  concealment.

12       41.     As a direct and proximate result of HP's misconduct as set forth above, HP has

13  been unjustly enriched.

14       42.     HP should not be permitted to keep the money that it has unjustly received as a

15  result of its actions.

16       WHEREFORE, Plaintiff and the Class prays for relief as set forth below.

17

### SECOND CAUSE OF ACTION
### FRAUDULENT CONCEALMENT

18

19       43.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

20  extent necessary, pleads this cause of action in the alternative.

21       44.     HP knew at all material times that its color laser printers cease printing operations

22  and indicate that a toner cartridge is "empty" and/or must be replaced when in fact a significant

23  amount of toner remained in the HP toner cartridge.

24       45.     These facts were not known to Plaintiff and the Class.

25       46.     HP had a duty to disclose the above known material facts because HP knew that

26  these material facts were unknown to Plaintiff and the Class, because HP was in a superior

27  position of knowledge with regard to its own technology, and because HP chose to make certain

28  representations that presented only a part of the true story and misled HP's users about the

CLASS ACTION COMPLAINT

1   subject products.

2        47.     HP's knowledge that its toner cartridges prematurely block HP color laser printers

3   from functioning while there is still a significant amount of toner remaining in the toner

4   cartridge, combined with HP's knowledge that Plaintiff and the Class relied or rely upon HP to

5   communicate the true state of facts relating to its color laser printers and the replacement toner

6   cartridges for those printers, creates a legal obligation on HP's part to disclose to Plaintiff and

7   the Class that its color laser printers cease operations and indicate that a toner cartridge is

8   "empty" and/or must be replaced when in fact a significant amount of toner remains in the HP

9   toner cartridge.

10       48.     Plaintiff and the Class were unaware of the above facts and would not have acted

11  as they did if they had known of the concealed material facts.

12       49.     Plaintiff and the Class reasonably relied and continue to rely upon HP to sell color

13  laser printers and toner cartridges in which the entire amount of toner contained in a toner

14  cartridge could be utilized, and they relied and continue to rely upon the information that HP

15  provides regarding when toner cartridges are empty and must be replaced.

16       50.     HP intentionally concealed and/or suppressed the above facts with the intent to

17  defraud Plaintiff and the Class.

18       51.     HP intended and intends to deceive Plaintiff and the Class by failing to disclose

19  that a significant amount of toner remains in a HP toner cartridge at the point when the HP color

20  laser printers cease printing operations and indicate that a toner cartridge is "empty" and/or must

21  be replaced and by providing pre-programmed messages which erroneously indicate that toner

22  cartridges must be replaced when in fact they need not.

23       52.     HP's concealment of the above facts has caused damage to Plaintiff and the Class

24  in an amount to be shown at trial.

25       53.     HP's fraudulent concealment of the fact that a significant amount of toner remains

26  in a HP toner cartridge at the point when HP color laser printers cease all operations, indicate

27  that the toner cartridge is "empty" and provide pre-programmed messages which erroneously

28  state that toner cartridges must be replaced when in fact they need not, has damaged Plaintiff and

CLASS ACTION COMPLAINT

793626.1

1   the members of the Class.

2        WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

3                          **THIRD CAUSE OF ACTION**
    **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**
4                       **SECTIONS 17200 ET SEQ.**

5        54.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

6   extent necessary, plead this cause of action in the alternative.

7        55.    Plaintiff has standing to pursue this claim because he has suffered injury in fact

8   and has lost money or property as a result of HP's actions as set forth above.

9        56.    Class members have lost money or property as a result of HP's actions as

10  delineated herein.

11       57.    HP's actions as alleged in this complaint constitute "unfair" conduct within the

12  meaning of California Business and Professions Code section 17200 *et seq.*

13       58.    HP's business practices, as alleged herein, are "unfair" because they offend

14  established public policy and/or are immoral, unethical, oppressive, unscrupulous and/or

15  substantially injurious to its customers.  HP's conduct is "unfair" because HP fails to disclose

16  that a significant amount of useable toner remains in the toner cartridge when HP color laser

17  printers shutdown and indicate that the cartridge must be replaced.

18       59.    HP's actions as alleged in this complaint constitute an "unlawful" practice within

19  the meaning of California Business and Professions Code sections 17200 *et seq.*, because HP's

20  are "unfair" and "fraudulent," and because they violate California Business and Professions

21  Code sections 17500 *et seq.*, which proscribe false advertising, as alleged below.

22       60.    HP engaged in advertising and marketing to the public and offered for sale color

23  laser printers and toner cartridges for those printers on a nationwide basis, including in

24  California.  HP engaged in the advertising and marketing alleged herein with an intent to directly

25  or indirectly induce the sale of color laser printers and toner cartridges for those printers to

26  customers like Plaintiff.  HP's advertisements and marketing representations regarding the

27  characteristics its color laser printers and toner cartridges for those printers were false,

28  misleading and deceptive as set forth more fully above.  At the time it made and disseminated the

                                        – 11 –
                            CLASS ACTION COMPLAINT

1    statements alleged herein, HP knew or should have known that the statements were untrue or

2    misleading, and acted in violation of California Business and Professions Code sections 17500 *et*

3    *seq.*

4        61.    HP's actions as alleged in this complaint constitute "fraudulent" conduct within

5    the meaning of California Business and Professions Code sections 17200 *et seq.*

6        62.    HP's business practices, as alleged herein, are fraudulent because they are likely

7    to deceive consumers, including Plaintiff and the members of the Class. HP fails to disclose all

8    material information to its customers that a significant amount of useable toner remains in the

9    toner cartridge when HP color laser printers shutdown and indicate that the cartridge must be

10   replaced.

11       63.    As a result of HP's "unfair," "unlawful" and "fraudulent" conduct, Plaintiff and

12   the members of the class expended money on purchasing replacement toner cartridges that they

13   would not otherwise have spent, and received less value for the money that they spent on toner

14   cartridges than they should have received.

15       64.    HP's wrongful business practices allege herein constituted, and constitute, a

16   continuing course of unfair competition since HP continues to market and sell its products in a

17   manner that offends public policy, is immoral, unethical, oppressive, unscrupulous and/or

18   substantially injurious to its customers, and that is likely to deceive the public.

19       65.    Pursuant to section 17203 of the California Business and Professions Code,

20   Plaintiff and the Class seek an order of this court enjoining HP from continuing to engage in

21   unlawful, unfair, and deceptive business practices and any other act prohibited by law, including

22   those acts set forth in this complaint.

23       66.    Plaintiff and the Class also seek an order requiring HP to make full restitution of

24   all moneys it wrongfully obtained from Plaintiff and the Class, along with all other relief

25   allowable under California Business and Professions Code section 17200 *et seq.*

26       WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

27

28

– 12 –

CLASS ACTION COMPLAINT

793626.1

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT

67.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

68.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code sections 1750-1784 ("CLRA").

69.     HP's acts and practices described herein were intended to result in the sale of HP replacement toner cartridges to the consuming public.

70.     HP is a "person" as defined by California Civil Code section 1761(c).  Plaintiff and the members of the class are "consumers" within the meaning of California Civil Code section 1761(d).  The products sold by HP are "goods" within the meaning of California Civil Code Section 1761(a).

71.     Venue is proper pursuant to Civil Code § 1780(c) because HP conducts business in this District.  A Declaration of the Plaintiff establishing this Court as the proper venue for this action is attached hereto as Exhibit A.

72.     HP violated, and continues to violate, the CLRA by informing consumers that a toner cartridge was "empty" and/or had to be replaced without disclosing to consumers that a significant amount of useable toner remained in the toner cartridge.  HP's failure to inform consumers that a significant amount of useable toner remained in the toner cartridge makes HP's representations that the toner cartridge was "empty" and/or had to be replaced misleading, in violation of Civil Code section 1770(a)(16).

73.     HP violated, and continues to violate, the CLRA by informing consumers that a toner cartridge was "empty" and/or had to be replaced without disclosing to consumers that a significant amount of useable toner remained in the toner cartridge.  Consequently, HP is representing to consumers that a part, replacement or repair service is required when it is not, in violation of Civil Code section 1770(a)(15).

74.     The facts HP concealed are material, in that a reasonable person would have considered them important in deciding whether or not to replace a toner cartridge and thereby incur the cost of purchasing a replacement toner cartridge.

CLASS ACTION COMPLAINT

793626.1

75.     Plaintiff and the Class suffered actual damages as a direct and proximate result of HP's actions, concealment and omissions in violation of the CLRA.  Had Plaintiff and the Class known that a significant amount of useable toner remained in their toner cartridges they would not have replaced the toner cartridges and would not have incurred the cost of purchasing a replacement toner cartridge.

76.     Plaintiff, on behalf of himself and for all similarly situated, demands judgment against HP under the CLRA for injunctive relief in the form of restitution and/or disgorgement of monies paid to HP for premature replacement of toner cartridges, and order directing HP to inform all consumers of override procedures that would enable them to use the full measure of toner in each cartridge, and an award of attorneys' fees.

77.     In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on December 17, 2008, Plaintiff's counsel served HP with notice of its alleged violations of the CLRA by certified mail, return receipt requested.  A true and correct copy of that notice is attached hereto as Exhibit B.

78.     If HP fails to provide appropriate relief for its violations of the CLRA within 30 days of Plaintiff's December 17, 2008 notification letter, Plaintiff will amend this complaint to seek compensatory and exemplary damages, pursuant to Cal. Civ. Code §§ 1780, 1782(b).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

### FIFTH CAUSE OF ACTION
### TRESPASS TO CHATTELS

79.     Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative

80.     Plaintiff and the Class purchased, owned, and had a right to possess and use the toner contained in the HP cartridges they purchased.

81.     Defendant HP intentionally interfered with that right to possess and use the toner in the cartridge by designing its printers to stop printing operations when the toner cartridge still had a significant amount of useable toner.

82.     Plaintiff and the Class members did not consent to this interference with their

- 14 -

CLASS ACTION COMPLAINT

1   property, and were harmed and suffered damage by being deprived of the toner they had

2   purchased.

3        83.    Plaintiff and the Class are entitled to recover actual and consequential damages as

4   a result of HP's trespass to their personal property.  Plaintiff and the Class are additionally

5   entitled to injunctive relief, and other relief as appropriate.

6        WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

7                    **SIXTH CAUSE OF ACTION**
                        **CONVERSION**
8

9        84.    Plaintiff realleges the preceding paragraphs as if fully set forth herein and, to the

10   extent necessary, plead this cause of action in the alternative.

11        85.    Plaintiff and the Class purchased, owned, and had a right to possess and use the

12   toner contained in the HP cartridges they purchased.

13        86.    Defendant HP intentionally interfered with Plaintiff's and the Class's right to

14   possess and use the toner in the cartridge by designing its printers to stop printing operations

15   when the toner cartridge still had a significant amount of useable toner.

16        87.    Plaintiff and the Class members did not consent to this interference with their

17   property, and were harmed and suffered damage by being deprived of the toner they had

18   purchased.

19        88.    Plaintiff and the Class members are entitled to recover actual and consequential

20   damages as a result of HP's trespass to their personal property.  Plaintiff and the Class are

21   additionally entitled to injunctive relief, and other relief as appropriate.

22        WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

23                         **PRAYER FOR RELIEF**

24        WHEREFORE, Plaintiff and members of the Class request that the Court enter an order

25   or judgment against Defendant as follows:

26        1.    Certifying the proposed class and notice thereto to be paid by Defendant;

27        2.    Adjudging and decreeing that Defendant has engaged in the conduct alleged

28   herein;

– 15 –

CLASS ACTION COMPLAINT

793626.1

3.  For restitution and disgorgement on certain causes of action;

4.  For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.  For compensatory and general damages according to proof on certain causes of action;

6.  For special damages according to proof on certain causes of action;

7.  For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

8.  For costs of the proceedings herein;

9.  For reasonable attorneys fees as allowed by statute; and

10.  For any and all such other and further relief that this Court may deem just and proper.

DATED:  January 14, 2009          KABATECK BROWN KELLNER LLP

                                   By _____
                                      Brian S. Kabateck
                                      Richard L. Kellner
                                      *Counsel for Plaintiffs and the class*

                                   CHITWOOD HARLEY HARNES LLP
                                   Gregory E. Keller (To be Admitted Pro Hac Vice)
                                   Darren T. Kaplan (To be Admitted Pro Hac Vice)
                                   *Counsel for Plaintiffs and the class*

                                   LIEFF, CABRASER, HEIMANN
                                     & BERNSTEIN, LLP
                                   Jonathan D. Selbin
                                   250 Hudson St., 8th Floor
                                   New York, NY 10013
                                   Telephone: (212) 355-9500
                                   Facsimile: (212) 355-9592

                                   Kristen E. Law
                                   275 Battery St., 30th Floor
                                   San Francisco, CA 94111
                                   Telephone: (415) 956-1000
                                   Facsimile: (415) 956-1008

CLASS ACTION COMPLAINT

793626.1

LAW OFFICES OF CALTON & CALTON
Jim S. Calton, Jr.
226 East Broad Street
Eufaula, Alabama 36027
Telephone: (334) 687-3563
Facsimile: (334) 687-3564

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the instant action.

DATED: January 14, 2009          KABATECK BROWN KELLNER LLP


By _____
   Brian S. Kabateck
   Richard L. Kellner
   *Counsel for Plaintiffs and the class*

CHITWOOD HARLEY HARNES LLP
Gregory E. Keller (To be Admitted Pro Hac Vice)
Darren T. Kaplan (To be Admitted Pro Hac Vice)
*Counsel for Plaintiffs and the class*

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
Jonathan D. Selbin
250 Hudson St., 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Kristen E. Law
275 Battery St., 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LAW OFFICES OF CALTON & CALTON
Jim S. Calton, Jr.
226 East Broad Street
Eufaula, Alabama 36027
Telephone: (334) 687-3563
Facsimile: (334) 687-3564

– 17 –

CLASS ACTION COMPLAINT

793626.1

**EXHIBIT A**

BRIAN S. KABATECK,  SBN 152054
 (bsk@kbklawyers.com)
RICHARD L. KELLNER,  SBN 171416
 (rlk@kbklawyers.com)
ALFREDO TORRIJOS,  SBN 222458
 (at@kbklawyers.com)
MICHAEL V. STORTI,  SBN 260215
 (ms@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

GREGORY E. KELLER (To be Admitted *Pro Hac Vice*)
 (gkeller@chitwoodlaw.com)
DARREN T. KAPLAN (To be Admitted *Pro Hac Vice*)
 (dkaplan@chitwoodlaw.com)
CHITWOOD HARLEY HARNES LLP
2300 Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone:  (404) 873-3900
Facsimile:  (404) 876-4476

Attorneys for Plaintiffs and the proposed class
*Additional Counsel Not Listed*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES YOUNG, on Behalf of himself and All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION |
| vs. | DECLARATION OF JAMES YOUNG |
| HEWLETT-PACKARD COMPANY, a Delaware Corporation; and DOES 1 through 10, inclusive; | |
| Defendants. | Judge:<br>Courtroom: |

I, James Young, hereby declare and state as follows:

    1.    I am over the age of 18, and a Plaintiff in this action.  The facts contained in this declaration are based on my personal knowledge, and if called upon to do so, I could and would testify competently hereto.

JAN-14-2009  10:13 AM   MES C YOUNG                71  561 9742              P.02

2.    The complaint in this action, filed concurrently with this declaration, is filed in the proper place for trial under Civil Code § 1780(c), because the Defendant does business in the Central District of California.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on January 14, 2009, in Harrisburg, PA.

James Young

James Young

788087.1

- 2 -

DECLARATION OF JAMES YOUNG

**EXHIBIT B**

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

KRISTEN E. LAW
PARTNER

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
NASHVILLE

December 17, 2008

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Mark Hurd
President and Chief Executive Officer
Hewlett-Packard Company
3000 Hanover Street
Palo Alto, CA 94304

Michael J. Holston
Executive Vice President, General Counsel,
and Secretary
Hewlett-Packard Company
3000 Hanover Street
Palo Alto, CA 94304

Re:    Notice and Demand Letter Re: Color Laser Printers

Dear Messrs Hurd and Holston:

Together with our co-counsel, Kabatek Brown Kellner, LLP, Chitwood Harley Harnes, LLP, and the Law Offices of Calton & Calton, we represent James Young. Pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.* (specifically, §§ 1782(a)(1) and (2)), Mr. Young, on behalf of himself and all other similarly situated consumers nationwide (collectively, the "Class"), through his undersigned counsel, hereby notify you that Hewlett-Packard Company ("HP") is alleged to have violated the CLRA by informing consumers that the toner cartridges in certain color laser printers were "empty" and/or had to be replaced without disclosing to consumers that (a) a significant amount of useable toner remained in the toner cartridge when the "empty" message appeared and their printers ceased to function; and (b) override procedures existed that would allow consumers to utilize the full measure of toner in each cartridge.

Mr. Young purchased and owns an HP LaserJet 2600n laser printer. On more than one occasion, Mr. Young's LaserJet 2600n laser printer has ceased all printing operations, indicating on the printer's control panel that a toner cartridge needed to be "replaced." On each of these occasions, Plaintiff Young—relying on the representations made by HP—proceeded to purchase a new HP brand replacement toner cartridge and replace the purportedly empty toner cartridge with the new HP brand replacement toner cartridge. Despite the fact that a significant amount of toner remained in each of the purportedly "empty" toner cartridges, Mr. Young reasonably believed upon seeing the "replace toner cartridge" message that the indicated toner cartridge was empty and that he would not be able to use any print functions until he replaced the purportedly "empty" cartridge. He reasonably did not know that: (a) HP color laser printers shut down all printing operations and indicate that a toner cartridge must be replaced when in fact a significant amount of useable toner remains in the toner cartridge; (b) HP's representations

Mark Hurd
Michael J. Holston
December 17, 2008
Page 2

indicating that the toner cartridge is "empty" are false; and (c) he would be prevented from using the significant amount of toner that he purchased and that remained in the purportedly "empty" toner cartridge unless he activated an override function that he had no reason to believe existed.

HP's unfair business practices have caused significant financial consequences for Mr. Young and consumers throughout the country. HP's misrepresentation regarding the emptiness of the cartridges and its active concealment of override procedures that would allow consumers to use the toner that remains when the empty signal is given are highly deceptive and violative of the CLRA in the following ways:

1. HP violated § 1770(a)(15) when it misrepresented to consumers that a part, replacement or repair service was required when it was not.

2. HP violated § 1770(a)(16) because its representations that the toner cartridges were "empty" and/or had to be replaced were misleading in light of the fact that toner remained in the cartridges when the "empty" indication was given and the printer ceased to function.

Pursuant to § 1782 of the CLRA, and based on the foregoing, we hereby demand that within thirty (30) days of receiving this letter, HP agrees to refund monies paid by Plaintiff and others like him for premature replacement of toner cartridges, and to notify all consumers of the override procedure that will allow them to use the full measure of toner within each cartridge.

Please be advised that should HP refuse this demand, Mr. Young will seek monetary damages for himself and the Class, as well as an award of injunctive relief, restitution, punitive damages, attorneys' fees and costs, and any other relief a court deems proper.

If you have any questions regarding this notice and demand, feel free to contact me at (415) 956-1000.

Very truly yours,

Kristen E. Law

KEL:wp
cc:    Jonathan D. Selbin
        Alfredo Torrijos
        Gregory E. Keller



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1·00 |
| Certified Fee | | 2.70 |
| Return Receipt Fee (Endorsement Required) | | 2.20 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.90 |

Sent To   Mark Hurd
Street, A    President and Chief Executive Officer
or PO Bc   Hewlett-Packard Company
City, Sta   3000 Hanover Street
PS Form    Palo Alto, CA 94304

7007 3020 0001 9883 0405



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ | 1·00 | 3272-0602 |
| Certified Fee | | 2.70 | |
| Return Receipt Fee (Endorsement Required) | | 2.20 | |
| Restricted Delivery Fee (Endorsement Required) | | 5.90 | |

To   Michael J. Holston
     Executive Vice President, General Counsel,
     and Secretary
Sen  Hewlett-Packard Company
Str
or F
City  3000 Hanover Street
PS   Palo Alto, CA 94304

7007 3020 0001 9883 0412

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV09- 315 FMC (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JAMES YOUNG, on Behalf of Himself and All
Others Similarly Situated,

PLAINTIFF(S)

v.

HEWLETT-PACKARD COMPANY, a Delaware
Corporation; and Does 1 through 10, inclusive,

DEFENDANT(S).

CASE NUMBER

CV09-00315 FMC

**SUMMONS**

TO:    DEFENDANT(S):  Hewlett-Packard Company

A lawsuit has been filed against you.

Within     20     days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney,  Richard L. Kellner                   , whose address is
 644 South Figueroa Street, Los Angeles, CA 90017                    . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:  JAN 1 4 2009

By: _Natalie Gongoric_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES YOUNG, on Behalf of Himself and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br>v.<br>HEWLETT-PACKARD COMPANY, a Delaware Corporation; and Does 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-00315 FMC FMOx<br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): <u>Hewlett-Packard Company</u>

    A lawsuit has been filed against you.

    Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Richard L. Kellner_____, whose address is _644 South Figueroa Street, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:      JAN 1 4 2009 _____

By: _____ **NATALIE LONGORIA** _____
                     Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JAMES YOUNG, on Behalf of Himself and All Others Similarly Situated, | HEWLETT-PACKARD COMPANY, a Delaware Corporation; and Does 1 through 10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Kabateck Brown Kellner LLP<br>644 South Figueroa Street<br>Los Angeles, CA 90017   Telephone: (213) 217-5000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action for violation of Cal. Bus. & Prof. Code Sec. 17200, Fraudulent Concealment, Enrichment. Diversity Jurisdiction Pursuant to 28 U.S.C. 1332.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV09 – 00315

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): Case No.: SA CV07--667

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Dauphin County, Pennsylvania |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Santa Clara County |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Dauphin County, Pennsylvania |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 01/14/2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |